RECEIVED
IN LAKE CHARLES, LA

OCT - 4 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| MICHAEL D. MARLIN | CIVIL ACTION NO. 06-1017-LC |
| VS. | SECTION P |
| MS. FONTENOT | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint[1] filed in *forma pauperis* by plaintiff on June 16, 2006. Plaintiff is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the Federal Correctional Institute–Beaumont in Beaumont, Texas. However, plaintiff complains of actions that occurred when he was incarcerated at the Federal Correctional Institute–Oakdale (FCIO) in Oakdale, Louisiana. Plaintiff names FCIO personnel Ms. Fontenot as his sole defendant herein.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff's claims center around his allegations that upon his September 16, 2005 arrival at FCIO, his ambulatory aids (crutches and leg braces) were improperly confiscated by defendant Fontenot. More specifically, plaintiff states that Fontenot informed him that the facility did not allow his personal crutches and leg braces on the compound. Plaintiff asserts that he has used the

---

[1] Because it alleges civil rights violations by federal defendants, the action is construed as one brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

crutches and leg braces since 1996 to assist with his mobility. However, plaintiff states that he has been confined to a wheelchair since an April 2005 accident at FCI-Forrest Hill.

As a result of the above, plaintiff seeks compensatory, punitive, and nominal damages against the defendant, as well as attorney's fees and costs of court.

## LAW AND ANALYSIS

### Screening of *in forma pauperis* complaints

Plaintiff has been allowed to proceed *in forma pauperis*. Therefore, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A, which provides in pertinent: "The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a) and (b); (See also 28 U.S.C. § 1915(e)(2)(B) "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal upon a finding that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint

2

fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint sufficiently establishes his theories of liability, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose.

3

## Federal Tort Claims Act Analysis

Plaintiff's claim for the wrongful detention of his property by the defendant falls within the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq*. As such, his claim fails. Specifically, the FTCA is the exclusive remedy for claims sounding in common law tort against the United States, its agencies, & its employees acting within the scope of their employment. 28 U.S.C. § 2679; *F.D.I.C. v. Meyer*, 114 S.Ct. 996 (1994). Specifically, the FTCA is a limited waiver of the sovereign immunity of the United States[2]. *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1987); *Williamson v. U.S. Department of Agriculture*, 815 F.2d 368, 373 (5th Cir. 1987). The FTCA provides that the United States can be liable in tort for any negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. §1346(b).

However, the FTCA contains exceptions to the waiver of sovereign immunity which must be strictly construed in favor of the United States. *McMahon v. United States*, 72 S.Ct. 17, 19 (1951); *Jeanmarie v. United States*, 242 F.3d 600, 605 (5th Cir. 2001); *Atorie Air v. F.A.A.*, 942 F.2d 954, 958 (5th Cir. 1991); 28 U.S.C. §1346. One exception found at 28 U.S.C. § 2680(c) concerns damage claims resulting from the detention of goods. This section states:

> **§ 2680 Exceptions**
> The provisions of this chapter and section 1346(b) of this title shall not apply to—

---

[2] The court notes that plaintiff has failed to name the proper defendant for such an action. The proper defendant in a FTCA action is the United States of America, not the federal agency or its employees. *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988). Nevertheless, as explained herein, even if plaintiff had named the proper defendant, his claims would not be cognizable under the FTCA.

> (C) Any claim arising on respect of...the detention of any goods, merchandise, or other property by any...law enforcement officer . . . .

The Fifth Circuit has held that § 2680(c) is applicable to all claims arising from the detention of goods and merchandise by any federal law enforcement officer in the performance of his or her lawful duties. *Halverson v. United States*, 972 F.2d 654, 655 (5th Cir. 1992), *cert. Denied*, 113 S.Ct. 1297 (1993); *Chapa v. United States Department of Justice*, 339 F.3d 388 (5th Cir. 2003). Further, the Supreme Court has concluded that the exception applies to the negligent loss or destruction of the property while it is in the possession of law enforcement officers. The language "arising in respect of" is synonymous with "arising out of" and "sweep[s] within the exception all injuries associated in any way with the 'detention' of goods." *Kosak v. United States*, 104 S.Ct. 1519 (1984). Accordingly, to the extent that plaintiff's claims fall within the scope of the FTCA, the exception contained in section 2680(c) would be applicable, thereby rendering the claims not actionable under the FTCA.

## Constitutional Claims

Plaintiff also claims that the defendant acted with deliberate indifference in taking away his ambulatory aids. Thus, to the extent that plaintiff is attempting to allege a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, such claim fails. The Eighth Amendment's prohibition against cruel and unusual punishment requires that prisoners be afforded "humane conditions of confinement" and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). In order to establish such an Eighth Amendment violation, an inmate must establish: first, that the deprivation alleged was sufficiently serious

(i.e., an official's act or omission must have resulted in the denial of "the minimal civilized measure of life's necessities"); and second, that the prison official possessed a sufficiently culpable state of mind. See *id.* at 1977. The required state of mind is that the official acted with deliberate indifference to inmate health or safety. See *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir.1999). Deliberate indifference is established by showing that the defendant officials "(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

This court finds that plaintiff has not alleged facts which establish an Eighth Amendment violation in this matter. Plaintiff states that the items in question were taken upon his arrival at FCIO. As explained to plaintiff in a response to his administrative remedy [Doc. #1-1, p.6], the nature of a prisoner's property allowed onto a particular facility is within the discretion of the Warden and will vary from prison to prison. The response noted that the property sanctioned at FCIO was consistent with Program Statement 5580.07, <u>Inmate Personal Property</u>. There is nothing in plaintiff's complaint to support that the defendant herein acted in any way inappropriately in processing plaintiff's incoming property. Lending support to this finding is the fact that plaintiff admits that he has been confined to a wheelchair since April 2005 and that he could not walk at the time of his arrival at FCIO. [Doc. #1-1, p.2]. This negates a finding that the removal of plaintiff's crutches and two leg braces in any way exposed him to an excessive risk of harm or that defendant was deliberately indifferent in so detaining the items.

Finally, even giving plaintiff the benefit of the doubt as to each factor outlined above, he still cannot succeed in this claim. Specifically, in order to prevail he must overcome the

prohibition codified at 42 U.S.C. § 1997e(e) which states "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "'physical injury' required by § 1997e(e) 'must be more than *de minimus* [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)). Plaintiff has alleged no physical harm resulting from the actions of the defendant. In fact, plaintiff states that "Ms. Fontenot posed a direct *risk* of causing severe injury to Mr. Marlin." [Doc. #1-1, p. 4, emphasis added]. Such allegations do not satisfy the physical injury requirement, thus leaving only damages for mental or emotional damages, which are clearly barred. These claims are frivolous.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. 1915(e)(2).

**IT IS ALSO RECOMMENDED** that plaintiff's claims arising under the FTCA be **DISMISSED WITH PREJUDICE** as same are barred by the § 2680(c) exception of the FTCA.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days**

following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 4, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE